**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
(Southern Division)**

| | |
|---|---|
| **MARK DEES AND JANIE DEES** )<br>)<br>**Plaintiffs,** )<br>)<br>**vs.** )<br>)<br>**ALLIED VAN LINES, INC., COLEMAN** )<br>**AMERICAN MOVING SERVICES, INC.** )<br>**and FICTITIOUS PARTIES 1-10,** )<br>whether singular or plural those other )<br>persons, firms, corporations, or other )<br>entities, whose wrongful conduct either )<br>caused or contributed to cause the injuries )<br>and damages to the Plaintiffs, all of whose )<br>true and correct names are unknown to )<br>the Plaintiffs at this time, but will be )<br>substih1ted once they are ascertained, )<br>)<br>**Defendants.** ) | **Civil Action  No.:** |

---

# NOTICE OF REMOVAL

---

COME NOW Defendants, Allied Van Lines, Inc. (sometimes referred to herein as "Allied van Lines"), and Coleman American Moving Services, Inc. (sometimes referred to herein as "Coleman American")[1], and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1367, 1441(a), 1445(b) and 1446, as well as 49 U.S.C. §§ 14706, jointly remove this cause, which is currently pending as Civil Action No. CV-2015-904546, in the Circuit Court of Clarke County, Alabama, (hereinafter "the Action"), to the United States District Court for the Southern District of Alabama, Southern Division.  In support of this Notice of Removal, Defendants state as follows:

---

[1] The Defendants are sometimes referred to hereinafter jointly as "Defendants".

1.   <u>Complaint</u>.  Plaintiffs, Mark Dees and Janie Dees   (hereinafter "Plaintiffs"), commenced the Action on May 26, 2017. <u>See,</u> Complaint, attached as Exhibit "A".  Plaintiffs assert various state law claims arising out of their relationship with Defendants Allied Van Lines and Coleman American as a motor carrier and pertaining to the interstate transport of Plaintiffs' freight originating in Milton, Florida, with the destination being Thomasville, Alabama.  More specifically, Plaintiffs have brought forth claims for: Bad Faith (Count One), Breach of Contract (Count Two), Fraud (Count Three), Negligence (Count Four) and Wantonness (Count Five).  (See, Exhibit "A").

2.   <u>Basis for Jurisdiction in this Court</u>.  The basis for jurisdiction in this Court is the issue of federal question in accordance with Also, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), 28 U.S.C. § 1441, 28 U.S.C. § 1445(b) and/or 28 U.S.C. § 1367(a).   The amount in controversy exceeds $10,000.00 as evidenced by paragraphs 7 and 16 of the complaint, wherein Plaintiff alleges $75,000.00 lost or damaged property.  Plaintiffs also seeks punitive damages.  (See, Exhibit "A").

3.   <u>Federal Question at Issue</u>.  The federal district courts have removal jurisdiction over claims arising under the Carmack Amendment (49 U.S.C.  § 14706) in a complaint filed in state court. ***Bear MGC Cutlery Co. v. Estes Express Line, Inc.,*** 132 F.Supp.2d 937 (2001, N.D.Ala.); ***Construction Servs. v. Watkins Motor Line, Inc.,*** 1998 U.S. Dist. LEXIS 22818 (N.D.Ala.). Defendant Allied Van Lines is a carrier.  During the relevant time period, Plaintiff was Defendant's customer.  In May of 2016, Plaintiffs engaged Defendants to perform moving services, transporting household goods from Milton, Florida, to Thomasville, Alabama.  Allied Van Lines loaded the goods in Milton, Florida on June 20, 2016. On June 21, 2016, the goods were delivered to Plaintiffs' home in Thomasville, Alabama.  Plaintiff Mark Dees signed the Bill of Lading at loading on June 20, 2016.

Plaintiffs alleges that they hired Allied Van Lines and Coleman American to transport furniture and other belongings from Milton, Florida to Thomasville, Alabama. Plaintiffs claim On or about June 20, 2016 through June 23, 2016, Plaintiffs' property, including, but not limited to, a piano, a storage cabinet and a bird bath, was damaged by the Defendants, Coleman American and Allied Van Lines during a move of Plaintiffs' personal property/goods to Thomasville, Clarke County, Alabama, by the Defendants. (See, paragraph 6 of Complaint, attached as Exhibit "A"). Such claims fall under the Carmack Amendment (49 U.S.C. section 14706)

49 U.S.C. § 13102 (Definitions Section) states in pertinent part:

> (23) Transportation. **The term "transportation" includes --** (A) a motor vehicle ... property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and (B) **services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.** (Emphasis provided).

The Supreme Court has held that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, exclusively governs contracts of carriage and limitations of liability of motor carriers and occupies the field of interstate shipments. *See, Adams Express Co. v. Croninger,* 226 U.S. 491, 505-06 (1913) ("[a]lmost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulation with reference to it"). The preemptive effect of the Carmack Amendment is broad and it embraces "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Smith v. United Parcel Service,* 296 F.3d 1244, 1249 (11th Cir. 2002) (quoting *Ga., Fla. & Ala. Ry. v. Blish Milling Co.,* 241 U.S. 190, 196)(1916)). The Carmack Amendment completely preempts state law claims giving a district court removal jurisdiction. *Bear*

*MGC Cutlery Co. v. Estes Express Lines, Inc.,* 132 F. Supp. 2d 937, 947 (N.D. Ala. 2001). Therefore, removal in the case *sub judice* is proper.

Generally, the existence of a federal question is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). This rule recognizes that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pled complaint. An exception to this rule exists when a federal statute "wholly displaces the state-law cause of action through complete pre-emption," thereby converting the state law claim to a federal claim for the purpose of determining jurisdiction and the propriety of removal. *Beneficial Nat. Bank v. Anderson* 539 U.S. 1, 8 (2003). The preempted state law claim is thereby considered to be a federal claim. *Ervast v. Flexible Products Co., 346 F.3d 1007 (11ᵗʰ Cir. 2003); Evans v. Infirmary Health Services, Inc.,* 634 F.Supp. 1276 (S.D.Ala. 2009).

The Carmack Amendment constitutes one of the few federal statutes which displaces state law through complete preemption. *U.S. Aviation Underwriters, Inc. V. Yellow Freight System, Inc.,* 296 F.Supp2d 1322 (S.D.Ala. 2003). Pursuant to the ruling in *U.S. Aviation Underwriters,* the Carmack Amendment is the exclusive cause of action for interstate shipping claims alleging loss or damage to property. *Id.* at 1338-39.

4.      Removal is Timely. The lawsuit was filed in the Circuit Court of Clarke County, Alabama on May 26, 2017. The Clarke County Circuit Court Clerk's office reflects service of process was effectuated on May 30, 2017. Defendants file this Notice of Removal within 30 days of service of process pursuant to 28 U.S.C. § 1446(b).

5.      Pleadings and Process. In accordance with 28 U.S.C. § 1446(a), Defendants are required to attach to this Notice of Removal "a copy of all process, pleadings, and orders served upon [it]." Copies of all such documents filed in the state court action are appended hereto as Exhibit "B".

4

7.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the filing of this Notice of Removal to counsel for the Plaintiff.  The Defendants have also filed a copy of said notice with the Clerk of the Circuit Court of Clarke County, Alabama.  See Exhibits "C" and "D".

**WHEREFORE, THE ABOVE PREMISES HAVING BEEN CONSIDERED,** the Defendants request this Court to make and enter the necessary and proper orders to effectuate a removal of this cause from the Circuit Court of Clarke County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, and that no further or other proceedings shall be had with respect to this cause in the Circuit Court for Clarke County, Alabama.

Dated this the __26th__ day of June, 2017.

ROBERT C. BLACK, JR.
*Counsel for Defendants Allied Van Lines, Inc.*
*And Coleman American Moving Services, Inc.*
Bar ID#  ASB-6459-C62R

OF COUNSEL:

CHERRY & IRWIN, P.C.
163 WEST MAIN STREET
DOTHAN, ALABAMA 36301
TELEPHONE:  (334) 793-1000
TELECOPIER:  (334) 699-7532
EMAIL: Robert@cherryirwin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the __26th__ day of June, 2017, the undersigned mailed a copy of the foregoing and/or electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert D. (Bo) Keahey, Esq.
WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH: (251) 275-3155
PH: (251) 275-3102
Email: Bo@WilliamsKeahey.com

Phillip E. Mason, Esq.
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

OF COUNSEL

DOCUMENT 2

ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| MARK DEES AND JANIE DEES, | * |
| | * |
| Plaintiffs, | * |
| | * |
| Vs. | *  Civil Action No.: 2017-_____ |
| | * |
| COLEMAN AMERICAN MOVING | * |
| SERVICES, INC., ALLIED VAN LINES, | *  **JURY TRIAL DEMANDED** |
| INC., and fictitious parties 1-10, | * |
| whether singular or plural those other | * |
| persons, firms, corporations, or other | * |
| entities, whose wrongful conduct either | * |
| caused or contributed to cause the injuries | * |
| and damages to the Plaintiffs, all of whose | * |
| true and correct names are unknown to | * |
| the Plaintiffs at this time, but will be | * |
| substituted once they are ascertained, | * |
| | * |
| Defendants. | * |

### COMPLAINT

COME NOW the Plaintiffs, in the above styled action, by and through their attorney, ROBERT D. (BO) KEAHEY JR., and respectfully files this complaint and sets forth as follows:

1. Plaintiff, MARK DEES, is over the age of nineteen (19) years, and a resident of Clarke County, Alabama.

2. Plaintiff, JANIE DEES, is over the age of nineteen (19) years, and a resident of Clarke County, Alabama.

3. Defendant, COLEMAN AMERICAN MOVING SERVICES, INC., is an Alabama corporation, that was, at all times material hereto, conducting business directly and/or by agent in Clarke County Alabama.

4. Defendant, ALLIED VAN LINES, INC., is a foreign corporation, that was, at all times material hereto, conducting business directly and/or by agent in Clarke County Alabama.



5.      Fictitious parties 1-10, are those persons, firms, corporations or other entities who, or which, are otherwise liable to the Plaintiffs by reason of their wrongful acts, and/or other wrongful conduct which is more specifically stated below, and whose identities are not known at the present time, but will be substituted by amendment when ascertained.

## STATEMENT OF FACTS

6.      On or about June 20, 2016 through June 23, 2016, Plaintiffs' property, including, but not limited to, a Cable Nelson Console Piano, Storage Cabinet, and Bird Bath (hereinafter "subject property"), was damaged by the Defendants, Coleman American Moving Services, Inc., and Allied Van Lines, Inc. (hereinafter "Defendants") during a move of Plaintiffs' personal property/goods to Thomasville, Clarke County, Alabama, by the Defendants.

7.      The Plaintiffs had contracted with the Defendants regarding the moving services and also purchased full replacement value insurance coverage (*i.e.*, Extra Care Protection $75,000 declared w/ $0 deductible) with the Defendants that provided coverage for the loss and/or damage to the subject property during the transportation thereof.

8.      However, the Defendants, even after being notified of the loss and damage to the subject property, have denied the Plaintiffs' claims and refused to pay the claims as required by their contract.

9.      As a proximate consequence of Defendant's wrongful conduct, Plaintiffs were caused to suffer damages including the loss and use of their property, economic loss, consequential damages, compensatory damages, severe mental anguish, severe emotional distress, costs and attorney fees associated with this lawsuit.

## COUNT ONE
### (Bad Faith)

10.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

11.     Defendants have denied full payment for the loss sustained by the Plaintiffs on or about June 20, 2016, when the subject property suffered damages which were covered under the Plaintiffs' contract with the Defendants.

12.     Said denial by Defendants was made in bad faith.

13.     As a proximate consequence of Defendants' bad faith refusal to pay said claim, Plaintiffs were caused to suffer damages including the loss and use of their property, economic loss, consequential damages, compensatory damages, severe mental anguish, severe emotional distress, costs and attorney fees associated with this lawsuit.

14.     Due to the bad faith nature of the denial of this claim, Plaintiffs claim punitive damages of Defendants.

WHEREFORE, the Plaintiffs demand a judgment against the Defendants, jointly and severally, in an amount of both compensatory and punitive damages as a jury deems reasonable and may award, plus interest and cost of this action.

## COUNT TWO
**(Breach of Contract)**

15.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

16.     The Defendants had in effect a contract with the Plaintiffs, which specifically, under the terms of the contract, provided for in the event of a loss, or damage to, the property owned by the Plaintiffs while being transported by the Defendants (Extra Care Protection $75,000 declared with $0 deductible), for the Full Replacement Value of said damaged property.

17.     The Plaintiffs claim that the damage that was incurred is due to the Defendants' breach of the subject contract between the Defendants and the Plaintiffs.

18.     Defendants have failed to and wrongfully refused to make full payment for the full replacement value of the damaged property in accordance with the terms of the subject

DOCUMENT 2

contract.

19.     As a proximate result of said breach of the subject contract, the Plaintiffs were caused to suffer damages, including the loss and use of their property, economic loss, compensatory damages, severe mental anguish, severe emotional anguish, distress, costs and attorney fees associated with this lawsuit.

20.     Said breach of the contract, was negligent, wanton, and willful and done for an improper purpose.

WHEREFORE, the Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory and punitive damages as may be determined by a jury at a trial of this case, plus interest and costs.

**COUNT THREE**
**(Fraud)**

21.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

22.     Defendants contracted with the Plaintiffs prior to their loss of the subject property on or about June 20, 2016, and said contract provides full replacement coverage for the loss and/or damage to the subject property during transportation by the Defendants.

23.     Defendants represented to the Plaintiffs that the contract would provide full replacement coverage for the type of loss and/or damage to their property and the claims would be paid pursuant to the terms of the contract.

24.     Said representations were false, and Defendants knew said representations were false, and were made with the intention that Plaintiffs rely on said representations.

25.     The Plaintiffs could not and did not discover said fraud until after their claim was made.

26.     As a proximate result of said fraudulent misrepresentation, the Plaintiffs have

DOCUMENT 2

suffered damages, including but not limited to the following: the loss and use of their property, economic loss, consequential damages, compensatory damages, severe mental anguish, severe emotional distress, costs and attorney fees associated with this lawsuit.

WHEREFORE, the Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory and punitive damages as may be determined by a jury at a trial of this case, plus interest and costs.

## COUNT FOUR
### (Negligence)

27.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

28.     Defendants negligently transported the Plaintiffs' property which resulted in damage to the Plaintiffs' property and failed to pay the claims for the damage the Defendants caused to the Plaintiffs' property pursuant to the contract. Furthermore, the Defendants did negligently fail to replace the damaged property even after being notified of the damage, all of which constitutes negligence.

29.     As a result of the Defendants' negligent actions, the Plaintiffs were injured and damaged.

WHEREFORE, the Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory as may be determined by a jury at a trial of this case, plus interest and costs.

## COUNT FIVE
### (Wantonness)

30.     Plaintiff re-alleges all prior paragraphs of this Complaint as if set out here in full.

31.     Defendants wantonly transported the Plaintiffs' property which resulted in damage to the Plaintiffs' property and failed to pay the claims for the damage the Defendants

caused to the Plaintiffs' property pursuant to the contract. Furthermore, the Defendants did wantonly fail to replace the damaged property even after being notified of the damage, all of which constitutes wantonness.

       32.    As a result of the Defendants' wanton actions, the Plaintiffs were injured and damaged as stated herein.

       WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory and punitive damages as may be determined by a jury at a trial of this case, plus interest and costs.

Respectfully submitted,

WILLIAMS & KEAHEY
Attorneys for the Plaintiffs


*/s/ Bo Keahey*
_____
ROBERT D. (BO) KEAHEY, JR.
Attorney Code: KEA012

**OF COUNSEL:**

WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH:  (251) 275-3155
PH:  (251) 275-3102
Email: Bo@WilliamsKeahey.com

PHILLIP E. MASON
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

**PLAINTIFFS RESPECTFULLY REQUESTS A TRIAL BY STRUCK JURY.**

*/s/ Bo Keahey*

ROBERT D. (BO) KEAHEY, JR.

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE
FOLLOWING ADDRESSES:**

Coleman American Moving Service, Inc.
Registered Agent: Jeffrey F. Coleman
#1 Covan Drive
Midland, Alabama 36350

Allied Van Lines, Inc.
Registered Agent: Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

DOCUMENT 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>16 |
|---|---|---|

ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

Date of Filing:     Judge Code:
05/26/2017

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### MARK DEES ET AL v. COLEMAN AMERICAN MOVING SERVICES, INC ET AL

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
       ☐ Government ☐ Other                   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>    Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>    Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM              O ☐ OTHER
                                DISTRICT COURT

    R ☐ REMANDED            T ☐ TRANSFERRED FROM
                                 OTHER CIRCUIT COURT

| **HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO | Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
KEA012             5/26/2017 9:15:06 AM             /s/ ROBERT DAVID KEAHEY JR JR.
                               Date                      Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☐ NO ☑ UNDECID

**EXHIBIT**
**"B"**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2017-900091.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### MARK DEES ET AL V. COLEMAN AMERICAN MOVING SERVICES, INC ET AL

**NOTICE TO:** COLEMAN AMERICAN MOVING SERVICES, INC, AGENT-JEFFREY F. COLEMAN #1 COVAN DRIVE, MIDLAND, AL 36350

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ROBERT DAVID KEAHEY JR JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: P.O.BOX 610, GROVEHILL, AL 36451 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARK DEES

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 5/26/2017 9:15:33 AM | /s/ SUMMER SCRUGGS | By: |  |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ ROBERT DAVID KEAHEY JR JR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama · <br> Unified Judicial System <br> Form C-34  Rev. 4/2017 | **SUMMONS** <br> **- CIVIL -** | **Court Case Number** <br> 16-CV-2017-900091.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**
**MARK DEES ET AL V. COLEMAN AMERICAN MOVING SERVICES, INC ET AL**

**NOTICE TO:** ALLIED VAN LINES, INC, AGENT-CSC, INC 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ROBERT DAVID KEAHEY JR JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O.BOX 610, GROVEHILL, AL 36451

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARK DEES

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 5/26/2017 9:15:33 AM | /s/ SUMMER SCRUGGS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ ROBERT DAVID KEAHEY JR JR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| | |
|---|---|
| _____ | _____ |
| *(Type of Process Server)* | *(Address of Server)* |
| _____ | |
| *(Server's Signature)* | _____ |
| _____ | *(Phone Number of Server)* |
| *(Server's Printed Name)* | |

DOCUMENT 2

ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| MARK DEES AND JANIE DEES, * | |
| * | |
|     Plaintiffs, * | |
| * | |
| Vs. * | Civil Action No.: 2017-_____ |
| * | |
| COLEMAN AMERICAN MOVING * | |
| SERVICES, INC., ALLIED VAN LINES, * | **JURY TRIAL DEMANDED** |
| INC., and fictitious parties 1-10, * | |
| whether singular or plural those other * | |
| persons, firms, corporations, or other * | |
| entities, whose wrongful conduct either * | |
| caused or contributed to cause the injuries * | |
| and damages to the Plaintiffs, all of whose * | |
| true and correct names are unknown to * | |
| the Plaintiffs at this time, but will be * | |
| substituted once they are ascertained, * | |
| * | |
|     Defendants. * | |

## COMPLAINT

COME NOW the Plaintiffs, in the above styled action, by and through their attorney,

ROBERT D. (BO) KEAHEY JR., and respectfully files this complaint and sets forth as follows:

    1.    Plaintiff, MARK DEES, is over the age of nineteen (19) years, and a resident of

Clarke County, Alabama.

    2.    Plaintiff, JANIE DEES, is over the age of nineteen (19) years, and a resident of

Clarke County, Alabama.

    3.    Defendant, COLEMAN AMERICAN MOVING SERVICES, INC., is an

Alabama corporation, that was, at all times material hereto, conducting business directly and/or

by agent in Clarke County Alabama.

    4.    Defendant, ALLIED VAN LINES, INC., is a foreign corporation, that was, at all

times material hereto, conducting business directly and/or by agent in Clarke County Alabama.

5.　　Fictitious parties 1-10, are those persons, firms, corporations or other entities who, or which, are otherwise liable to the Plaintiffs by reason of their wrongful acts, and/or other wrongful conduct which is more specifically stated below, and whose identities are not known at the present time, but will be substituted by amendment when ascertained.

## STATEMENT OF FACTS

6.　　On or about June 20, 2016 through June 23, 2016, Plaintiffs' property, including, but not limited to, a Cable Nelson Console Piano, Storage Cabinet, and Bird Bath (hereinafter "subject property"), was damaged by the Defendants, Coleman American Moving Services, Inc., and Allied Van Lines, Inc. (hereinafter "Defendants") during a move of Plaintiffs' personal property/goods to Thomasville, Clarke County, Alabama, by the Defendants.

7.　　The Plaintiffs had contracted with the Defendants regarding the moving services and also purchased full replacement value insurance coverage (*i.e.*, Extra Care Protection $75,000 declared w/ $0 deductible) with the Defendants that provided coverage for the loss and/or damage to the subject property during the transportation thereof.

8.　　However, the Defendants, even after being notified of the loss and damage to the subject property, have denied the Plaintiffs' claims and refused to pay the claims as required by their contract.

9.　　As a proximate consequence of Defendant's wrongful conduct, Plaintiffs were caused to suffer damages including the loss and use of their property, economic loss, consequential damages, compensatory damages, severe mental anguish, severe emotional distress, costs and attorney fees associated with this lawsuit.

## COUNT ONE
### (Bad Faith)

10.　　Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

11.     Defendants have denied full payment for the loss sustained by the Plaintiffs on or about June 20, 2016, when the subject property suffered damages which were covered under the Plaintiffs' contract with the Defendants.

12.     Said denial by Defendants was made in bad faith.

13.     As a proximate consequence of Defendants' bad faith refusal to pay said claim, Plaintiffs were caused to suffer damages including the loss and use of their property, economic loss, consequential damages, compensatory damages, severe mental anguish, severe emotional distress, costs and attorney fees associated with this lawsuit.

14.     Due to the bad faith nature of the denial of this claim, Plaintiffs claim punitive damages of Defendants.

WHEREFORE, the Plaintiffs demand a judgment against the Defendants, jointly and severally, in an amount of both compensatory and punitive damages as a jury deems reasonable and may award, plus interest and cost of this action.

## COUNT TWO
### (Breach of Contract)

15.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

16.     The Defendants had in effect a contract with the Plaintiffs, which specifically, under the terms of the contract, provided for in the event of a loss, or damage to, the property owned by the Plaintiffs while being transported by the Defendants (Extra Care Protection $75,000 declared with $0 deductible), for the Full Replacement Value of said damaged property.

17.     The Plaintiffs claim that the damage that was incurred is due to the Defendants' breach of the subject contract between the Defendants and the Plaintiffs.

18.     Defendants have failed to and wrongfully refused to make full payment for the full replacement value of the damaged property in accordance with the terms of the subject

contract.

19.     As a proximate result of said breach of the subject contract, the Plaintiffs were caused to suffer damages, including the loss and use of their property, economic loss, compensatory damages, severe mental anguish, severe emotional anguish, distress, costs and attorney fees associated with this lawsuit.

20.     Said breach of the contract, was negligent, wanton, and willful and done for an improper purpose.

WHEREFORE, the Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory and punitive damages as may be determined by a jury at a trial of this case, plus interest and costs.

**COUNT THREE**
**(Fraud)**

21.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

22.     Defendants contracted with the Plaintiffs prior to their loss of the subject property on or about June 20, 2016, and said contract provides full replacement coverage for the loss and/or damage to the subject property during transportation by the Defendants.

23.     Defendants represented to the Plaintiffs that the contract would provide full replacement coverage for the type of loss and/or damage to their property and the claims would be paid pursuant to the terms of the contract.

24.     Said representations were false, and Defendants knew said representations were false, and were made with the intention that Plaintiffs rely on said representations.

25.     The Plaintiffs could not and did not discover said fraud until after their claim was made.

26.     As a proximate result of said fraudulent misrepresentation, the Plaintiffs have

suffered damages, including but not limited to the following: the loss and use of their property, economic loss, consequential damages, compensatory damages, severe mental anguish, severe emotional distress, costs and attorney fees associated with this lawsuit.

WHEREFORE, the Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory and punitive damages as may be determined by a jury at a trial of this case, plus interest and costs.

## COUNT FOUR
### (Negligence)

27.     Plaintiffs re-allege all prior paragraphs of this Complaint as if set out here in full.

28.     Defendants negligently transported the Plaintiffs' property which resulted in damage to the Plaintiffs' property and failed to pay the claims for the damage the Defendants caused to the Plaintiffs' property pursuant to the contract. Furthermore, the Defendants did negligently fail to replace the damaged property even after being notified of the damage, all of which constitutes negligence.

29.     As a result of the Defendants' negligent actions, the Plaintiffs were injured and damaged.

WHEREFORE, the Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory as may be determined by a jury at a trial of this case, plus interest and costs.

## COUNT FIVE
### (Wantonness)

30.     Plaintiff re-alleges all prior paragraphs of this Complaint as if set out here in full.

31.     Defendants wantonly transported the Plaintiffs' property which resulted in damage to the Plaintiffs' property and failed to pay the claims for the damage the Defendants

caused to the Plaintiffs' property pursuant to the contract. Furthermore, the Defendants did wantonly fail to replace the damaged property even after being notified of the damage, all of which constitutes wantonness.

32.    As a result of the Defendants' wanton actions, the Plaintiffs were injured and damaged as stated herein.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount of compensatory and punitive damages as may be determined by a jury at a trial of this case, plus interest and costs.

Respectfully submitted,

WILLIAMS & KEAHEY
Attorneys for the Plaintiffs

*/s/ Bo Keahey*

ROBERT D. (BO) KEAHEY, JR.
Attorney Code: KEA012

**OF COUNSEL:**

WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH:  (251) 275-3155
PH:  (251) 275-3102
Email: Bo@WilliamsKeahey.com

PHILLIP E. MASON
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

**PLAINTIFFS RESPECTFULLY REQUESTS A TRIAL BY STRUCK JURY.**

*/s/ Bo Keahey*
_____
ROBERT D. (BO) KEAHEY, JR.

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE
FOLLOWING ADDRESSES:**

Coleman American Moving Service, Inc.
Registered Agent: Jeffrey F. Coleman
#1 Covan Drive
Midland, Alabama 36350

Allied Van Lines, Inc.
Registered Agent: Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

DOCUMENT 4


ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| MARK DEES AND JANIE DEES, | * |
| | * |
| Plaintiffs, | * |
| | * |
| Vs. | *    Civil Action No.: 2017-_____ |
| | * |
| COLEMAN AMERICAN MOVING | * |
| SERVICES, INC., ALLIED VAN LINES, | * |
| INC.,  and fictitious parties 1-10, | * |
| whether singular or plural those other | * |
| persons, firms, corporations, or other | * |
| entities, whose wrongful conduct either | * |
| caused or contributed to cause the injuries | * |
| and damages to the Plaintiffs, all of whose | * |
| true and correct names are unknown to | * |
| the Plaintiffs at this time, but will be | * |
| substituted once they are ascertained, | * |
| | * |
| Defendants. | * |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO ALLIED VAN LINES, INC.

Comes now, the Plaintiffs in the above styled case and pursuant to Rule 33 and Rule 34 of the Alabama Rules of Civil Procedure propounds the following interrogatories and requests for production to the Defendant, Allied Van Lines, Inc., to be answered, separately and severally, under oath, within the time prescribed by law.

You are reminded that under the provisions of Rule 26 of the Alabama Rules of Civil Procedure you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity and location of each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the witnesses' testimony.

DOCUMENT 4

You are further reminded that you are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

DEFINITIONS

Unless otherwise indicated the following definitions shall be applicable to these discovery requests:

"You" and "your" shall mean the defendant and each of its employees, agents or representatives, and all other persons acting on its behalf.

"Person" shall mean an individual, partnership, firm, association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed, computerized or graphic matter of any kind or description, however produced or reproduced.

To the extent not clarified above, a request for documents specifically includes all drafts of any document, electronic mail messages (e-mail) and other electronic communications which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, back-up tapes, or other storage media.

"Identify" or "identification" when used with reference to a document shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its

DOCUMENT 4

disposition.

## **INTERROGATORIES**

1.      State your full name, present residence address and your position with Allied Van Lines, Inc.

**ANSWER:**

2.      State whether the Defendant, Allied Van Lines, Inc., has been correctly named in the complaint. If not correctly named, please provide such.

**ANSWER:**

3.      Please state the names and addresses of all persons that helped procure, sell and/or service the contract to Mark Dees and/or Janie Dees which is the basis of the complaint.

**ANSWER:**

4.      State the name and address of any potential party to this lawsuit, not already a party hereto and the reasons you believe they are a potential party.

**ANSWER:**

5.      State the names and addresses of all persons who made any decisions regarding the payment of the claims made the basis of this lawsuit.

**ANSWER:**

6.      Please state the names and addresses of all the agents and employees that had anything to do with the issuance of the subject contract.

**ANSWER:**

7.      Please state the names and addresses of all agents and employees that had anything to do with the denial of the claims to Mark Dees and/or Janie Dees.

**ANSWER:**

8.      Please state the names and addresses of all persons involved in the claims made by Mark Dees and Janie Dees for payment under the terms of the contract issued by the Defendant.

**ANSWER:**

9.      State the name, address, and employer of each person, and each person known by this defendant to have any knowledge whatsoever of matters pertaining to the occurrences made the basis of this lawsuit.

**ANSWER:**

10.     For each affirmative defense asserted by this Defendant in this action, <u>state all facts</u> you contend support said affirmative defenses. Produce all documents which you contend supports or relates to said factual assertions.

**ANSWER:**

11.     Please state the name, address and qualifications of each expert who has been consulted or who may be called as an expert witness at the trial of this case, and with respect to each such person:

        a.      state the subject matter on which the expert is expected to testify;

        b.       state the substance of the facts and opinions to which the expert is
                expected to testify;

        c.      state a summary of the grounds for each opinion;

        d.      attach a copy of any report, including factual observations and opinions,
                which have been prepared by any such expert.

**ANSWER:**

12.     If anyone investigated this matter for you, private investigators or insurance

DOCUMENT 4

adjusters, and state their name(s) and address(es), and state whether such investigation was reduced to writing. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement and attach to your Answers a copy of any said statement.

**ANSWER:**

13.     Please state in detail any and all reasons for the denial of the claims, and the names and addresses of each person who was involved in the decision to deny the claims.

**ANSWER:**

14.     Please state the name of the individual who made the final decision to deny the claims made by the Plaintiffs and their current position with the defendant.

**ANSWER:**

15.     Please state the name of all experts and/or non-experts whom you consulted prior to the denial of the plaintiffs' claims. If any report, test or other document was created by such person please attach a copy.

**ANSWER:**

16.     Please state each and every fact or other evidence upon which you relied in your decision to deny the plaintiffs' claims which are the basis of this lawsuit.

**ANSWER:**

17.     Please state in as much detail as possible any and all contracts, agreements, coverage policies, liability policies, insurance policies, orders of service, estimates, etc, that the Defendant had with Mark Dees and/or Janie Dees.

**ANSWER:**

18.     Please state in as much detail as possible everything you considered in your

investigation, evaluation and/or adjustment of the claims made the basis of this lawsuit. If you reviewed and/or relied upon any documents during your investigation, evaluation and/or adjustment of the subject claims, then please attach complete copies of such documents.

**ANSWER:**

19.    Have you been advised that your answers are made under oath, may be used as material testimony in the event of a trial or hearing, and must be updated if your foregoing responses change?

**ANSWER:**

## REQUEST FOR PRODUCTION

1.    Produce an original and true and complete copies of any and all insurance policies, primary and excess, under which any insurance carrier may be liable to satisfy part or all of any judgment which may be entered in this action. Pursuant to *Ex parte Badham,* 730 So.2d 135 (Ala. 1999), this request specifically seeks copies of the entire policy or policies including any and all references to policy limits.

**RESPONSE:**

2.    Any and all experts' reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to plaintiff's attorney.

**RESPONSE:**

3.    Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

**RESPONSE:**

4.      Copies of any and all statements previously made by plaintiffs concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiffs hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiffs hereto and contemporaneously recorded.

**RESPONSE:**

5.      A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

6.      Copies of any witness statements that are relevant to this lawsuit.

**RESPONSE:**

7.      Any and all policies, books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

**RESPONSE:**

8.      Copies of all policies, documents, correspondence, notes, memoranda, receipts, checks, and/or other things of any manner maintained by you or this defendant, pertaining to the plaintiffs.

**RESPONSE:**

9.      Copies of all documents correspondence, notes, memoranda, or other things of any manner received from the plaintiffs.

**RESPONSE:**

10.      Copies of all policies, documents correspondence, notes, memoranda, or other things of any manner generated by you pertaining to the plaintiffs.

**RESPONSE:**

11.     Copies of all documents correspondence, notes, memoranda, or other things of any manner sent to you concerning the plaintiffs.

**RESPONSE:**

12.     Any diary, notes, or recordings of any nature concerning telephone conversations with the plaintiffs.

**RESPONSE:**

13.     Any and all documents in this defendants possession or control supporting the answer or defenses of this defendant.

**RESPONSE:**

14.     Any and all electronic and paper documentation of the plaintiffs' claims files.

**RESPONSE:**

15.     Any and all underwriting files on the insurance policy at issue.

**RESPONSE:**

16.     Copies of all claims manuals and internal company newsletters that are related to claims handling.

**RESPONSE:**

17.     Copies of any reinsurance files providing documentation of the risk covered under the policy.

**RESPONSE:**

18.     Copies of any promotional material regarding the insured's policy or similar policies.

**RESPONSE:**

19.     Copies of any documents on claims files of non-party policyholders with similar claims.

**RESPONSE:**

20.     Copies of any documents relating to the defendant's reserves for the plaintiff claims.

**RESPONSE:**

21.     Copies of quarterly reports, annual and certified financial reports and annual stockholder reports.

**RESPONSE:**

22.     Copies of defendant's pleadings and briefs in other similar cases within the last 5 years.

**RESPONSE:**

23.     Copies of all articles, manuals, seminar materials, and/or other documents written by company representatives on topics such as coverage issues, interpretation of contract terms and industry practices, within the last five (5) years.

**RESPONSE:**

24.     Complete and accurate copies of any and all contracts, regardless of the type, issued by this Defendant to Mark Dees and/or Janie Dees. This request includes any and all documents relating to said policies that may alter and/or change the terms of the original contract.

**RESPONSE:**

25.     Complete and accurate copies of any and all documents you reviewed and/or relied upon during your investigation, evaluation and/or adjustment of the subject claims. This

request specifically includes electronically stored documents and information.

**RESPONSE:**

Respectfully submitted,

WILLIAMS & KEAHEY
Attorneys for the Plaintiffs


*/s/ Bo Keahey*
_____
ROBERT D. (BO) KEAHEY, JR.
Attorney Code: KEA012

**OF COUNSEL:**

WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH:  (251) 275-3155
PH:  (251) 275-3102
Email: Bo@WilliamsKeahey.com

PHILLIP E. MASON
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net


**TO BE SERVED UPON DEFENDANT ALONG WITH COMPLAINT**

DOCUMENT 3

ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MARK DEES AND JANIE DEES,    *

       Plaintiffs,    *

Vs.    *      Civil Action No.: 2017-_____

COLEMAN AMERICAN MOVING    *
SERVICES, INC., ALLIED VAN LINES,    *
INC.,  and fictitious parties 1-10,    *
whether singular or plural those other    *
 persons, firms, corporations, or other    *
entities, whose wrongful conduct either    *
caused or contributed to cause the injuries    *
and damages to the Plaintiffs, all of whose    *
true and correct names are unknown to    *
the Plaintiffs at this time, but will be    *
substituted once they are ascertained,    *

       Defendants.    *

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO COLEMAN AMERICAN MOVING SERVICES, INC.

Comes now, the Plaintiffs in the above styled case and pursuant to Rule 33 and Rule 34 of the Alabama Rules of Civil Procedure propounds the following interrogatories and requests for production to the Defendant, Coleman American Moving Services, Inc., to be answered, separately and severally, under oath, within the time prescribed by law.

You are reminded that under the provisions of Rule 26 of the Alabama Rules of Civil Procedure you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity and location of each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the witnesses' testimony.

DOCUMENT 3

You are further reminded that you are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

<u>DEFINITIONS</u>

Unless otherwise indicated the following definitions shall be applicable to these discovery requests:

"You" and "your" shall mean the defendant and each of its employees, agents or representatives, and all other persons acting on its behalf.

"Person" shall mean an individual, partnership, firm, association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed, computerized or graphic matter of any kind or description, however produced or reproduced.

To the extent not clarified above, a request for documents specifically includes all drafts of any document, electronic mail messages (e-mail) and other electronic communications which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, back-up tapes, or other storage media.

"Identify" or "identification" when used with reference to a document shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its

disposition.

## **INTERROGATORIES**

1. State your full name, present residence address and your position with Coleman American Moving Services, Inc.,

**ANSWER:**

2. State whether the Defendant, Coleman American Moving Services, Inc., has been correctly named in the complaint. If not correctly named, please provide such.

**ANSWER:**

3. Please state the names and addresses of all persons that helped procure, sell and/or service the contract to Mark Dees and/or Janie Dees which is the basis of the complaint.

**ANSWER:**

4. State the name and address of any potential party to this lawsuit, not already a party hereto and the reasons you believe they are a potential party.

**ANSWER:**

5. State the names and addresses of all persons who made any decisions regarding the payment of the claims made the basis of this lawsuit.

**ANSWER:**

6. Please state the names and addresses of all the agents and employees that had anything to do with the issuance of the subject contract.

**ANSWER:**

7. Please state the names and addresses of all agents and employees that had anything to do with the denial of the claims to Mark Dees and/or Janie Dees.

**ANSWER:**

8.      Please state the names and addresses of all persons involved in the claims made by Mark Dees and Janie Dees for payment under the terms of the contract issued by the Defendant.

**ANSWER:**

9.      State the name, address, and employer of each person, and each person known by this defendant to have any knowledge whatsoever of matters pertaining to the occurrences made the basis of this lawsuit.

**ANSWER:**

10.     For each affirmative defense asserted by this Defendant in this action, state all facts you contend support said affirmative defenses. Produce all documents which you contend supports or relates to said factual assertions.

**ANSWER:**

11.     Please state the name, address and qualifications of each expert who has been consulted or who may be called as an expert witness at the trial of this case, and with respect to each such person:

        a.      state the subject matter on which the expert is expected to testify;

        b.      state the substance of the facts and opinions to which the expert is expected to testify;

        c.      state a summary of the grounds for each opinion;

        d.      attach a copy of any report, including factual observations and opinions, which have been prepared by any such expert.

**ANSWER:**

12.     If anyone investigated this matter for you, private investigators or insurance

adjusters, and state their name(s) and address(es), and state whether such investigation was reduced to writing. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement and attach to your Answers a copy of any said statement.

**ANSWER:**

13.      Please state in detail any and all reasons for the denial of the claims, and the names and addresses of each person who was involved in the decision to deny the claims.

**ANSWER:**

14.      Please state the name of the individual who made the final decision to deny the claims made by the Plaintiffs and their current position with the defendant.

**ANSWER:**

15.      Please state the name of all experts and/or non-experts whom you consulted prior to the denial of the plaintiffs' claims. If any report, test or other document was created by such person please attach a copy.

**ANSWER:**

16.      Please state each and every fact or other evidence upon which you relied in your decision to deny the plaintiffs' claims which are the basis of this lawsuit.

**ANSWER:**

17.      Please state in as much detail as possible any and all contracts, agreements, coverage policies, liability policies, insurance policies, orders of service, estimates, etc, that the Defendant had with Mark Dees and/or Janie Dees.

**ANSWER:**

18.      Please state in as much detail as possible everything you considered in your

investigation, evaluation and/or adjustment of the claims made the basis of this lawsuit. If you reviewed and/or relied upon any documents during your investigation, evaluation and/or adjustment of the subject claims, then please attach complete copies of such documents.

**ANSWER:**

19.     Have you been advised that your answers are made under oath, may be used as material testimony in the event of a trial or hearing, and must be updated if your foregoing responses change?

**ANSWER:**

<u>**REQUEST FOR PRODUCTION**</u>

1.     Produce an original and true and complete copies of any and all insurance policies, primary and excess, under which any insurance carrier may be liable to satisfy part or all of any judgment which may be entered in this action. Pursuant to *Ex parte Badham,* 730 So.2d 135 (Ala. 1999), this request specifically seeks copies of the entire policy or policies including any and all references to policy limits.

**RESPONSE:**

2.     Any and all experts' reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to plaintiff's attorney.

**RESPONSE:**

3.     Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

**RESPONSE:**

4.      Copies of any and all statements previously made by plaintiffs concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiffs hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiffs hereto and contemporaneously recorded.

**RESPONSE:**

5.      A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

6.      Copies of any witness statements that are relevant to this lawsuit.

**RESPONSE:**

7.      Any and all policies, books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

**RESPONSE:**

8.      Copies of all policies, documents, correspondence, notes, memoranda, receipts, checks, and/or other things of any manner maintained by you or this defendant, pertaining to the plaintiffs.

**RESPONSE:**

9.      Copies of all documents correspondence, notes, memoranda, or other things of any manner received from the plaintiffs.

**RESPONSE:**

10.     Copies of all policies, documents correspondence, notes, memoranda, or other things of any manner generated by you pertaining to the plaintiffs.

**RESPONSE:**

11.     Copies of all documents correspondence, notes, memoranda, or other things of any manner sent to you concerning the plaintiffs.

**RESPONSE:**

12.     Any diary, notes, or recordings of any nature concerning telephone conversations with the plaintiffs.

**RESPONSE:**

13.     Any and all documents in this defendants possession or control supporting the answer or defenses of this defendant.

**RESPONSE:**

14.     Any and all electronic and paper documentation of the plaintiffs' claims files.

**RESPONSE:**

15.     Any and all underwriting files on the insurance policy at issue.

**RESPONSE:**

16.     Copies of all claims manuals and internal company newsletters that are related to claims handling.

**RESPONSE:**

17.     Copies of any reinsurance files providing documentation of the risk covered under the policy.

**RESPONSE:**

18.     Copies of any promotional material regarding the insured's policy or similar policies.

**RESPONSE:**

DOCUMENT 3

19.    Copies of any documents on claims files of non-party policyholders with similar claims.

**RESPONSE:**

20.    Copies of any documents relating to the defendant's reserves for the plaintiff claims.

**RESPONSE:**

21.    Copies of quarterly reports, annual and certified financial reports and annual stockholder reports.

**RESPONSE:**

22.    Copies of defendant's pleadings and briefs in other similar cases within the last 5 years.

**RESPONSE:**

23.    Copies of all articles, manuals, seminar materials, and/or other documents written by company representatives on topics such as coverage issues, interpretation of contract terms and industry practices, within the last five (5) years.

**RESPONSE:**

24.    Complete and accurate copies of any and all contracts, regardless of the type, issued by this Defendant to Mark Dees and/or Janie Dees. This request includes any and all documents relating to said policies that may alter and/or change the terms of the original contract.

**RESPONSE:**

25.    Complete and accurate copies of any and all documents you reviewed and/or relied upon during your investigation, evaluation and/or adjustment of the subject claims. This

request specifically includes electronically stored documents and information.

**RESPONSE:**

Respectfully submitted,

WILLIAMS & KEAHEY
Attorneys for the Plaintiffs

*/s/ Bo Keahey*

_____

ROBERT D. (BO) KEAHEY, JR.
Attorney Code: KEA012

**OF COUNSEL:**

WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH:  (251) 275-3155
PH:  (251) 275-3102
Email: Bo@WilliamsKeahey.com

PHILLIP E. MASON
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

**TO BE SERVED UPON DEFENDANT ALONG WITH COMPLAINT**

DOCUMENT 6

ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| MARK DEES AND JANIE DEES, | * |
| | * |
| Plaintiffs, | * |
| | * |
| Vs. | *      Civil Action No.: 2017-_____ |
| | * |
| COLEMAN AMERICAN MOVING | * |
| SERVICES, INC., ALLIED VAN LINES, | * |
| INC.,  and fictitious parties 1-10, | * |
| whether singular or plural those other | * |
| persons, firms, corporations, or other | * |
| entities, whose wrongful conduct either | * |
| caused or contributed to cause the injuries | * |
| and damages to the Plaintiffs, all of whose | * |
| true and correct names are unknown to | * |
| the Plaintiffs at this time, but will be | * |
| substituted once they are ascertained, | * |
| | * |
| Defendants. | * |

### NOTICE OF DEFENDANT ALLIED VAN LINES, INC'S 30(b)(6) DEPOSITION

**TO:**            All Attorneys of Record.

**DEPONENT:**   Rule 30(b)(6) Representative(s) of Allied Van Lines, Inc.

Please see attached Exhibit "A" for designation of topics.

**DATE:**         TBA

**TIME:**         TBA

**LOCATION:**   WILLIAMS & KEAHEY
131 West Cobb Street
Grove Hill, Alabama 36451

Please take notice that WILLIAMS & KEAHEY, LLC, attorneys for the Plaintiffs, will take the deposition of the 30(b)(6) representative of Allied Van Lines, Inc., at the time, date, and location indicated pursuant to the Alabama Rules of Civil Procedure, before an officer duly authorized to administer oaths and swear witnesses in said county and said state. Such deposition shall be taken for the purpose of discovery or for use as evidence in the above-styled action, and will continue from day to day until completed, and you are invited to attend and examine the deponent.

Respectfully submitted,

WILLIAMS & KEAHEY
Attorneys for the Plaintiffs


*/s Bo Keahey*

_____

ROBERT D. (BO) KEAHEY, JR.
Attorney Code: KEA012

**OF COUNSEL:**

WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH:  (251) 275-3155
PH:  (251) 275-3102
Email: Bo@WilliamsKeahey.com

PHILLIP E. MASON
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net


**TO BE SERVED UPON DEFENDANT ALONG WITH COMPLAINT**

DOCUMENT 6

## **EXHIBIT A**

Person(s) within ALLIED VAN LINES, INC. with the most knowledge of the following:

1.  The person most familiar with plaintiffs' damages which are the basis of the complaint.

2.  The defendant's insurance coverage and/or claims handling regarding the claims made the basis of this suit.

3.  Each affirmative defense asserted by the defendant in this lawsuit.

4.  Information or documents in the plaintiffs' claim file.

5.  Underwriting files on the insurance policy(ies) at issue.

6.  Information pertaining to industry standards regarding claims management.

7.  Information about any prior similar claims.

8.  Information about any corporate rules, policies, regulations, manuals, recommendations or otherwise regarding the Defendant's claim process.

9.  Information pertaining to the Defendant's responses to the Plaintiffs' interrogatories and requests for production.

10. Information pertaining to any defenses the Defendant intends to argue at trial.

11. Information pertaining to reasons why the Defendant denied the claims made the basis of this suit.

12. Information pertaining to any expert testimony which the Defendant may rely upon at trial.

13. Information and documents pertaining to any contract issued by this Defendant to Mark Dees and/or Janie Dees.

14. Information and documents pertaining to the Defendant's investigation, evaluation and adjustment of the subject claims.

DOCUMENT 5

ELECTRONICALLY FILED
5/26/2017 9:15 AM
16-CV-2017-900091.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MARK DEES AND JANIE DEES,       \*
                             \*

     Plaintiffs,             \*
                             \*

Vs.                             \*     Civil Action No.: 2017-_____
                             \*

COLEMAN AMERICAN MOVING    \*
SERVICES, INC. and fictitious parties 1-10,\*
whether singular or plural those other   \*
persons, firms, corporations, or other   \*
entities, whose wrongful conduct either  \*
caused or contributed to cause the injuries \*
and damages to the Plaintiffs, all of whose \*
true and correct names are unknown to  \*
the Plaintiffs at this time, but will be   \*
substituted once they are ascertained,  \*
                             \*

     Defendants.            \*

## NOTICE OF DEFENDANT COLEMAN AMERICAN MOVING SERVICES, INC'S 30(b)(6) DEPOSITION

**TO:**          All Attorneys of Record.

**DEPONENT:**    Rule 30(b)(6) Representative(s) of Coleman American Moving Services, Inc.

                  Please see attached Exhibit "A" for designation of topics.

**DATE:**        TBA

**TIME:**        TBA

**LOCATION:**    WILLIAMS & KEAHEY
                  131 West Cobb Street
                  Grove Hill, Alabama 36451

Please take notice that WILLIAMS & KEAHEY, LLC, attorneys for the Plaintiffs, will take the deposition of the 30(b)(6) representative of Coleman American Moving Services, Inc., at the time, date, and location indicated pursuant to the Alabama Rules of Civil Procedure, before

DOCUMENT 5

an officer duly authorized to administer oaths and swear witnesses in said county and said state.

Such deposition shall be taken for the purpose of discovery or for use as evidence in the above-styled action, and will continue from day to day until completed, and you are invited to attend and examine the deponent.

Respectfully submitted,

WILLIAMS & KEAHEY
Attorneys for the Plaintiffs

*/s Bo Keahey*
_____
ROBERT D. (BO) KEAHEY, JR.
Attorney Code: KEA012

**OF COUNSEL:**

WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH:  (251) 275-3155
PH:  (251) 275-3102
Email: Bo@WilliamsKeahey.com

PHILLIP E. MASON
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

**TO BE SERVED UPON DEFENDANT ALONG WITH COMPLAINT**

## <u>EXHIBIT A</u>

Person(s) within COLEMAN AMERICAN MOVING SERVICES, INC. with the most knowledge of the following:

1. The person most familiar with plaintiffs' damages which are the basis of the complaint.

2. The defendant's insurance coverage and/or claims handling regarding procedures.

3. Each affirmative defense asserted by the defendant in this lawsuit.

4. Information or documents in the plaintiffs' claim file.

5. Underwriting files on the insurance policy(ies) at issue.

6. Information pertaining to industry standards regarding claims management.

7. Information about any prior similar claims.

8. Information about any corporate rules, policies, regulations, manuals, recommendations or otherwise regarding the Defendant's claim process.

9. Information pertaining to the Defendant's responses to the Plaintiffs' interrogatories and requests for production.

10. Information and documents pertaining to any defenses the Defendant intends to argue at trial.

11. Information pertaining to reasons why the Defendant denied the claims made the basis of this suit.

12. Information pertaining to any expert testimony which the Defendant may rely upon at trial.

13. Information and documents pertaining to any insurance policies or contracts issued by this Defendant to Mark Dees and/or Janie Dees.

14. Information and documents pertaining to the Defendant's investigation, evaluation and adjustment of the subject claims.

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $ |
| Extra Services & Fees (check box, add fee as appropriate) | $ |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |
| **Total Postage and Fees** | $ |

Postmark Here

MAY 26 2017

AL 36457

CW R-9-91

*Sent To*
Coleman American Moving Services, Inc.

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

7017 0530 0000 0047 0150

DOCUMENT 11

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

OFFICIAL USE

**Certified Mail Fee**

$

**Extra Services & Fees** (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)           $ _____

☐ Return Receipt (electronic)          $ _____

☐ Certified Mail Restricted Delivery    $ _____

☐ Adult Signature Required             $ _____

☐ Adult Signature Restricted Delivery   $ _____

**Postage**

$

**Total Postage and Fees**

$

MAY 25 2017

Postmark
Here

CV17-9-9I

*Sent To*  Allied van Lines, inc.

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4*®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions



**AlaFile E-Notice**

16-CV-2017-900091.00

Judge: GAINES C MCCORQUODALE

To: KEAHEY ROBERT DAVID JR.
bo@williamskeahey.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MARK DEES ET AL V. COLEMAN AMERICAN MOVING SERVICES, INC ET AL
16-CV-2017-900091.00

The following matter was served on 5/30/2017

**D001 COLEMAN AMERICAN MOVING SERVICES, INC**
**Corresponding To**
CERTIFIED MAIL

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



**AlaFile E-Notice**

16-CV-2017-900091.00

Judge: GAINES C MCCORQUODALE

To:  MASON PHILLIP EARL
phillipmasonatty@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MARK DEES ET AL V. COLEMAN AMERICAN MOVING SERVICES, INC ET AL
16-CV-2017-900091.00

The following matter was served on 5/30/2017

**D001 COLEMAN AMERICAN MOVING SERVICES, INC**
**Corresponding To**
CERTIFIED MAIL

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
(Southern Division)

| | |
|---|---|
| **MARK DEES AND JANIE DEES** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Civil Action No.: |
| | ) |
| **ALLIED VAN LINES, INC., COLEMAN** | ) |
| **AMERICAN MOVING SERVICES, INC.** | ) |
| **and FICTITIOUS PARTIES 1-10,** | ) |
| **whether singular or plural those other** | ) |
| **persons, firms, corporations, or other** | ) |
| **entities, whose wrongful conduct either** | ) |
| **caused or contributed to cause the injuries** | ) |
| **and damages to the Plaintiffs, all of whose** | ) |
| **true and correct names are unknown to** | ) |
| **the Plaintiffs at this time, but will be** | ) |
| **substih1ted once they are ascertained,** | ) |
| | ) |
| **Defendants.** | ) |

# NOTICE TO PLAINTIFF
# OF FILING OF NOTICE OF REMOVAL

TO: PLAINTIFF AND HER COUNSEL OF RECORD:

Pursuant to 28 U.S.C. §1446(d), you are hereby notified of the filing of a Notice of Removal

in the above-styled cause, removing the same from the Circuit Court of Clarke County, Alabama,

to the United States District Court for the Southern District of Alabama, Southern Division. A true

and correct copy of said Notice of Removal is attached hereto.

Dated this the __26th__ day of June, 2017.

ROBERT C. BLACK, JR.
*Counsel for Defendant Allied Van Lines, Inc.*
*And Coleman American Moving Services, Inc.*
Bar ID#  ASB-6459-C62R

**EXHIBIT**
**C**
tabbies

OF COUNSEL:

CHERRY & IRWIN, P.C.
163 WEST MAIN STREET
DOTHAN, ALABAMA 36301
TELEPHONE: (334) 793-1000
TELECOPIER: (334) 699-7532
EMAIL: Robert@cherryirwin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the __26ᵗʰ__ day of June, 2017, the undersigned mailed a copy of the foregoing and/or electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert D. (Bo) Keahey, Esq.
WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH: (251) 275-3155
PH: (251) 275-3102
Email: Bo@WilliamsKeahey.com

Phillip E. Mason, Esq.
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

OF COUNSEL

## IN THE CIRCUIT COURT
## FOR CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARK DEES AND JANIE DEES** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action  No.: CV-2017-900091** |
| | ) | |
| **ALLIED VAN LINES, INC., COLEMAN** | ) | |
| **AMERICAN MOVING SERVICES, INC.** | ) | |
| **and FICTITIOUS PARTIES 1-10,** | ) | |
| **whether singular or plural those other** | ) | |
| **persons, firms, corporations, or other** | ) | |
| **entities, whose wrongful conduct either** | ) | |
| **caused or contributed to cause the injuries** | ) | |
| **and damages to the Plaintiffs, all of whose** | ) | |
| **true and correct names are unknown to** | ) | |
| **the Plaintiffs at this time, but will be** | ) | |
| **substih1ted once they are ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL
## TO UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

TO:     Summer Scruggs, Circuit Court Clerk
        Clarke County Courthouse
        Post Office Box 921
        Grove Hill, Alabama 36451
        (251) 275-3363
        summer.scruggs@alacourt.gov

PLEASE TAKE NOTICE that the Defendants, Allied Van Lines, Inc., and Coleman

American Moving Services, Inc., have removed this cause to the United States District Court for the

Southern District of Alabama, Southern Division; therefore, this cause shall proceed no further in

state court.  A copy of the Notice of Removal is appended hereto as Exhibit "A"



EXHIBIT
"D"

Dated this the **26**th day of June, 2017.

ROBERT C. BLACK, JR.
*Counsel for Defendant Allied Van Lines, Inc.*
*And Coleman American Moving Services, Inc.*
Bar ID# ASB-6459-C62R

OF COUNSEL:

CHERRY & IRWIN, P.C.
163 WEST MAIN STREET
DOTHAN, ALABAMA 36301
TELEPHONE: (334) 793-1000
TELECOPIER: (334) 699-7532
EMAIL: Robert@cherryirwin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **26**th day of June, 2017, the undersigned mailed a copy of the foregoing and/or electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert D. (Bo) Keahey, Esq.
WILLIAMS & KEAHEY, LLC
Post Office Box 610
Grove Hill, Alabama 36451
PH: (251) 275-3155
PH: (251) 275-3102
Email: Bo@WilliamsKeahey.com

Phillip E. Mason, Esq.
Post Office Box 127
Thomasville, Alabama 36784
PH: (334) 636-5274
Email: phillipmasonatty@bellsouth.net

OF COUNSEL