# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DEES, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0292-WS-N |
| | ) |
| COLEMAN AMERICAN MOVING | ) |
| SERVICES, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 14). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 14, 16, 18), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted.

## BACKGROUND

The plaintiffs filed in state court a five-count complaint, with each count asserting a claim under state law. The complaint alleges that the defendants, while under contract to move the plaintiffs' property, damaged that property but have refused to pay for the damage as per the parties' contract. No other wrongdoing of any kind is alleged. Claims are asserted for bad faith, breach of contract, fraud, negligence and wantonness. (Doc. 1 at 7-12). The complaint seeks an award of compensatory and punitive damages but does not demand any particular amount.

The defendants removed on the basis of federal question jurisdiction. Although the complaint asserts only state-law claims, the defendants argue that

those claims are completely preempted by the Carmack Amendment, thereby furnishing federal question jurisdiction.[1]

## DISCUSSION

This Court has already held that, in light of the Supreme Court's analysis expressed in *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003), "complete preemption applies in a Carmack Amendment context." *U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp. 2d 1322, 1338 (S.D. Ala. 2003); *accord Stabler v. Pack & Load Services, Inc.*, 2011 WL 245491 at *1 (S.D. Ala. 2011). The Court is not alone. The only two courts of appeal known to have addressed the issue have reached the same conclusion,[2] as have a number of sister courts within the Eleventh Circuit.[3] The plaintiffs offer the Court no reason to reconsider its position.

Instead, the plaintiffs assert that the amount in controversy does not exceed $10,000. In support of this argument, they point to their amended complaint (filed

---

[1] The Carmack Amendment applies only to shipments of property by carriers in interstate commerce. *E.g., Werner Enterprises, Inc. v. Westwind Maritime International, Inc.*, 554 F.3d 1319, 1326 (11th Cir. 2009). The complaint does not allege that either defendant is a carrier covered by the Carmack Amendment or that the move was between states, but the defendants so assert, (Doc. 1 at 2-3), and the plaintiffs do not contest the assertion.

[2] *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

[3] *E.g., Morris v. Mayflower Transit, LLC*, 18 F. Supp. 3d 1342, 1344-45 (M.D. Ala. 2014); *Andrews v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007); *Bear MGC Cutlery Co. v. Estes Express Lines, Inc.*, 132 F. Supp. 2d 937, 947 (N.D. Ala. 2001); *Baker v. Allied Van Lines, Inc.*, 2007 WL 461029 at *1 (M.D. Fla. 2007). *But see Armstrong v. North Alabama Moving and Storage, Inc.*, 533 F. Supp. 2d 1157, 1159 (N.D. Ala. 2008) (questioning complete preemption in light of the Carmack Amendment's amount-in-controversy requirement); *Intermed Ultrasound Services, Inc. v. Fedex Freight*, 2006 WL 3258548 at *2 (N.D. Fla. 2006) (rejecting complete preemption based on pre-*Anderson* analysis).

in federal court), which adds a sixth count invoking the Carmack Amendment, for the violation of which they demand $6,130. (Doc. 8 at 6-7).

The defendants first suggest that the amount in controversy is irrelevant, (Doc. 16 at 2), but this is incorrect. The only cases that may properly be removed are those "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Carmack Amendment is housed in 49 U.S.C. § 14706, and "the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a). As the party invoking the Court's subject matter jurisdiction, the burden lies with the defendants to demonstrate that this jurisdictional threshold is satisfied.

"[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Because the complaint does not identify a specific sum demanded under an (unpleaded) Carmack Amendment cause of action, the defendants' burden is to show by a preponderance of the evidence that the amount in controversy under the Carmack Amendment more likely than not exceeds $10,000.

To meet their burden, the defendants note the following: (1) the complaint seeks an award of both compensatory and punitive damages; (2) the complaint alleges the plaintiffs insured the moved property for $75,000; and (3) prior to removal, the plaintiffs made a settlement offer of $22,500. (Doc. 16 at 5).[4] These circumstances do not carry the defendants' burden.

---

[4] The defendants initially asserted that the complaint affirmatively alleged $75,000 in property damage. (Doc. 1 at 2). They have since corrected that error.

3

As noted, the complaint asserts state-law causes of action, some of which permit an award of punitive damages and/or emotional distress damages. The plaintiffs seek such damages, along with "loss and use [sic] of their property, economic loss [and] consequential damages" and "full replacement value of the damaged property." (Doc. 1 at 8, 11). The defendants assume the Court can consider all these elements of damage in determining the amount in controversy, but they are mistaken.

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, [citations omitted], unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Alabama law may allow punitive damages and emotional distress damages, but that is not here relevant. The defendants' theory of the Court's jurisdiction is that all state claims have been completely preempted by the Carmack Amendment, which means that the plaintiffs' "state law claims morph into a federal Carmack Amendment claim." *Yellow Freight*, 296 F. Supp. 2d at 1339. The relevant question is thus whether punitive damages and emotional distress damages are recoverable under the Carmack Amendment; if they are not, they cannot be considered in determining the amount in controversy.

The Eleventh Circuit has not addressed this issue. Other courts of appeal are split, with a majority of the courts (and all the more recent decisions) ruling that neither punitive damages nor emotional distress damages are recoverable under the Carmack Amendment. *Compare Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 382-83 (5th Cir. 1998) (punitive damages and emotional distress damages are not recoverable under the Carmack Amendment); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 285-87 (7th Cir. 1997) (same); *and Cleveland v. Beltman North American Co.*, 30 F.3d 373, 379-81 (2nd Cir. 1994) (same as to punitive damages) *with Reed v. Aaacon Auto Transport, Inc.*, 637 F.2d 1302, 1307 (10th Cir. 1981) (Carmack Amendment does not preclude awards of

4

punitive damages), *overruled in part on other grounds, Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir. 1989) (en banc) and *Hubbard v. Allied Van Lines, Inc.*, 540 F.2d 1224, 1228 (4th Cir. 1976) (same).

Had the defendants acknowledged this issue and made any reasoned argument that the Court should follow the older, minority view, the Court would be required to weigh the relative merits of the two lines of cases. Because the defendants have not done so, the Court need not do so, either, but may simply conclude that the defendants have failed to meet their burden of showing that punitive damages or emotional distress damages may be awarded in an action under the Carmack Amendment.

The limits of the plaintiffs' policy say little if anything about the value of their claim. As this Court has noted, "a high policy limit does not establish a large amount in controversy for the simple reason that the … claim may be for far les than the policy limit." *Employers' Mutual Casualty Co. v. Parker Towing Co.*, 2007 WL 4577705 at *2 (S.D. Ala. 2007).

"While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. As this Court has noted, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information ... to support [the plaintiff's] claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [his] claim and are entitled to more weight." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (internal quotes omitted).

The settlement proposal advanced here falls in the former category; it offers to settle for $22,500 without providing a single word of explanation how this figure was derived. (Doc. 16-2 at 1). It is therefore entitled to "little weight" in the jurisdictional analysis. This is especially so since the offer presumably takes

5

into account punitive damages and emotional distress damages, which the defendants have failed to show can be awarded under the Carmack Amendment.

The best evidence of the amount in controversy under the Carmack Amendment is the amount demanded by the plaintiffs in Count Six of the amended complaint. The defendants correctly note that the amount in controversy must be determined as of the time of removal and that jurisdiction then attaching cannot be lost simply because the plaintiff lowers the amount demanded after the case is removed.[5] But the corollary to this rule is that post-removal evidence can shed light on the amount in controversy at the time of removal.[6] The amended complaint does so, because it represents the first time the plaintiffs have identified the damages they seek based solely on the single claim on which removal is based.[7]

Because the defendants have not sustained their burden of establishing by a preponderance of the evidence that the amount in controversy under the Carmack Amendment exceeds $10,000, this action must be remanded to state court. The defendants ask the Court, before remanding the action, to dismiss the state claims

---

[5] "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000).

[6] "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson*, 651 F. Supp. 2d at 1282. The Court in *Jackson* thus properly considered a post-removal affidavit from plaintiff's counsel explaining the reasoning behind a pre-removal settlement demand. *Id*.

[7] Nor is the $6,130 demanded inherently suspect, since the only property identified as damaged is a console piano, a storage cabinet and a bird bath. (Doc. 1 at 8). While the complaint also seeks damages for loss of use, economic loss and consequential damages (which the Court assumes without deciding may be awarded under the Carmack Amendment), the defendants have offered no reason to believe there is much value in such damages as applied to three pieces of household furnishings.

on the grounds they are preempted by the Carmack Amendment. (Doc. 16 at 6). Because the Court lacks subject matter jurisdiction over this action, it has no authority to enter any such ruling.[8] Similarly, the defendants ask the Court, before remanding the action, to enter an order limiting the plaintiffs' claim to $6,130. They identify no legal principle permitting entry of such an order, and the Court declines to investigate on their behalf.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion to remand is **granted**. This action is **remanded** to the Circuit Court of Clarke County.

DONE and ORDERED this 26th day of October, 2017.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[8] "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's v. Osting Schwinn*, 613 F.3d 1079, 1092 (2010) (internal quotes omitted).